IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DJHOUVENSKY DORVIL,<br><br>*Petitioner*,<br><br>v.<br><br>LEONARD ODDO, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-1669<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a native and citizen of Haiti, is currently detained at Moshannon Valley Processing Center. He made illegal entry into the United States in November 2022, and was paroled into the country. Petitioner was taken into immigration custody on July 21, 2026, and his removal proceedings remain ongoing. The threshold issue in his petition concerns whether he is entitled to a bond hearing under 8 U.S.C. § 1226, or whether he is subject to mandatory detention under 8 U.S.C. § 1225 pursuant to the interpretation set forth in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) or *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). Based on the United States Court of Appeals for the Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, -- F.4th --, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Court holds that Petitioner is entitled to relief in the form of an individualized bond hearing before an immigration judge.

AND NOW, this 10th day of September 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within thirty (30) days of this Order, Petitioner

must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

BY THE COURT:

*/s/William S. Stickman IV*__________
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE